CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 11 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:08CR00051-01 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CYNTHIA KAYE NICHOLS, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

On July 28, 2009, the defendant, Cynthia Kaye Nichols, was sentenced to a term of imprisonment of 240 months for conspiracy to distribute heroin, resulting in death or serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 846. On July 26, 2011, the court granted the government's motion for reduction of sentence under Federal Rule of Criminal Procedure 35(b) and imposed a reduced sentence of 168 months. Nichols has now filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1] For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the drug quantity table in § 2D1.1(c) of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the Guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances are eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

---

[1] Nichols was sentenced by Senior United States District Judge James C. Turk. Judge Turk is deceased and the motion has been assigned to the undersigned district judge.

Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

In this case, the drug quantity table in § 2D1.1(c) of the Sentencing Guidelines played no role in the calculation of the defendant's guideline range. Instead, the defendant's base offense level was derived from § 2D1.1(a)(2), since the defendant was convicted of conspiracy to distribute heroin resulting in death or serious bodily injury. See U.S.S.G. § 2D1.1(a)(2) (providing for a base offense level of 38 "if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), or (b)(1)(C), . . . and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance"). The defendant is still subject to a base offense level of 38 under § 2D1.1(a)(1), which Amendment 782 did not alter. Accordingly, because Amendment 782 did not have the effect of lowering the defendant's applicable guideline range, the court is not authorized to reduce the defendant's sentence.

2

For these reasons, the defendant's motion for reduction of sentence based on Amendment 782 must be denied.[2] The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 11th day of May, 2016.

                                                Chief United States District Judge

---

[2] The defendant submitted certificates from a number of courses that she has successfully completed during her period of incarceration. While the court commends the defendant's educational efforts, it does not have the authority to reduce her sentence under § 3582(c)(2).